[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal by the plaintiff from the taking by the defendant of certain property of the plaintiff in Milford and from the assessment of damages therefor and applying for a determination of the defendant's action and, if it is determined that such action is valid, for a reassessment of damages.
The defendant had made changes in the approach ramps for the Milford Connector to the Wilbur Cross Parkway. These changes required the taking of 2 small parcels of the plaintiff's property. There can be no question concerning the validity of the defendant's action in that regard and, in fact, that issue was not pursued by the plaintiff.
The premises so taken by the defendant on July 26, 1990 are situated in Milford and are bounded and described as follows:
"PARCEL No. 1 -containing 0.013 of an acre, more or less, and bounded:
SOUTHEASTERLY -by land now or formerly of The Equitable Life Assurance Society of the United States, 59 feet, more or less;
SOUTHWESTERLY -by said land now or formerly of The Equitable Life Assurance Society of CT Page 7093 the United States, 19 feet, more or less;
NORTHERLY -by Owner's remaining land, 68 feet, more or less, by a line designated "Taking Line 
non Access Highway Line," as shown on the map hereinafter referred to;
EASTERLY -running to a point;
PARCEL NO. 2 -containing 0.114 of an acre, more or less, and bounded:
SOUTHEASTERLY -by land now or formerly of The Equitable Life Assurance Society of the United States, 96 feet more or less;
SOUTHWESTERLY -by said land now or formerly of The Equitable Life Assurance Society of the United States, a total distance of 130 feet, more or less;
NORTHERLY -By Owner's remaining land, 127 feet, more or less, by a line designated "Taking Line 7 Non-Access Highway Line," as more particularly shown on said map.
And said two parcels contain a total area of 0.127 of an acre, more or less, together with all appurtenances, all of which more particularly appears on a map entitled: "Town of Milford, Map Showing Land Acquired From Beard Sand Gravel Co. Inc. by The State of Connecticut, Milford Parkway Extension, Scale 1" = 40', 07-21-1988, Robert W. Gubala, Transportation Chief Engineer Bureau of Highway". (83-201-2)" CT Page 7094
The map referred to is Plaintiff's Exhibit A.
In addition to the premises so described, other easements and rights in parts of other land of the plaintiff were taken and are described as follows:
 "1. A full and perpetual drainage right of way easement within an area of 0.037 of an acre, more or less, located between and opposite approximate Station 39+09 and Station 39+72 left, Center Line, Milford Parkway, as more particularly shown no said map.
 2. A full and perpetual easement to drain from and through the facilities located opposite said Stations, as mentioned in Item 1, as more particularly shown on said map.
 3. A full and perpetual easement to slope for the support and safety of the highway and remove, use, or retain excavated material within a total area of 0.059 of an acre, more or less, located between and opposite approximate Stations 36+85 and 40+90 left, said Center Line, as more particularly shown on said map.
 4. A right to install sedimentation control system, 350 feet, more or less, in length, located between and opposite approximate Stations 38+65 and 40+90 left, said Center Line, as more particularly shown on said map. Said right shall terminate automatically upon completion of the work by the State."
The plaintiff's appeal to this court was filed on September 4, 1990. The undersigned, State Trial Referee, was appointed by the court under 13a-76 of the General Statutes to hear the matter. Notice was given to the parties of the time and place of the hearing on this matter. Thereafter testimony was offered by the parties and the premises were viewed.
The plaintiff offered a witness on its behalf who had prepared an appraisal report of his findings. This report was marked Plaintiff's Exhibit J. On Page 2 the report stated: CT Page 7095
 "After analyzing all available information it is of the opinion of your appraiser that the diminution in value as a result of nearby construction as of July 26, 1990 was Forty Thousand and 00/100 Dollars ($40,000)
The report was not based on any land value analyses. The appraiser reached his figure of $40,000 as an estimate to cure water flow caused by the highway construction. On page 20 of his report he said:
 "Based upon the verified cost estimates, all of which provided consistent estimates the cost to cure the current water flow problem is estimated to be $40,000."
The question of water flow was referred to by Robert Weway, an engineer offered as a witness by the plaintiff. He testified that the construction of the ramp will cause an increase in the run off from the water shed and the increase would be 10% over the existing flow. It would be caused by the pavement of the highway. Obviously the plaintiff could not complain of natural flow but only because of an increase in the flow. How his expert related that increase to the expense of $40,000 to cover the increased flow does not appear. Consequently, the court must disregard his testimony in toto.
The court notes that the appraiser did not find any monetary damages from the specific takings described above. It may be that he agreed with the damages computed by the appraiser for the defendant of $6200.
The appraiser for the defendant in computing the $6200 used the before and after values to determine damages using a figure of $35,500 for the value of 1 acre of land of the acreage owned by the plaintiff. There are 22 acres owned by the plaintiff on the east side of the railroad.
The court computes the damages sustained by the plaintiff also by the before and after method as follows:
22 acres x $35,500 = $781,000
The taking was 0.127 acres in the two pieces. CT Page 7096
22 acres — 0.127 acres leaves 21.873 acres after the taking.
21.873 acres x $35,500 = $776,491
$781,000 — $776,491 = $4,509
The defendant also took an easement described above in an area of 0.037 of an acre.
0.037 acre x $35,500 per acre = $1,313
The defendant also took an easement described above in an area of 0.059 of an acre.
0.059 acre x $35,500 per acre = $2,094
The defendant also took the right to install a sedimentation control system 350 + in length described above. The court measured this system to be 20 feet in width.
350 feet x 20 feet = 7000 square feet or 0.15 of an acre
0.15 acre x $35,500 per acre = $5325
But this right was to terminate automatically on completion of the work. 10% of $5325 would be a fair estimate for the value of this right or $532.
The totals then would be:
 $4,509 1,313 2,094 532 ------ $8,448 rounded off to $8500.
The Court notes the rule contained in Alemany v. Commissioner of Transportation, 215 Conn. 437 at 444.
 "We have consistently departed from the fair market value measure of damages in cases of partial takings. When only a portion of a party's property is taken, the landowner is CT Page 7097 entitled not only to compensation for the value of the property taken, but also to severance damages for the diminution in the value of the landowner's remaining property that the severance of a portion of the property causes."
The court cannot see that the taking of 0.127 of an acre from 22 acres will cause any substantial diminution in the value of the plaintiff's remaining property and consequently does not award any damages from the small diminution of the plaintiff's remaining property.
The remaining issues in the case concern salt and sand put on the highway during winter storms and then thrown off onto the plaintiff's property by passing traffic. This might cause damage to trees, bushes and grass on the plaintiff's property. Such damage, if any, will only be the same as all abutting owners to highways in the state might experience, and one not considered compensable to the plaintiff.
The court therefore find that the damages sustained by the plaintiff by the construction of the highway in question to be $8500.
Judgment may enter for the plaintiff to recover of the defendant $8500 plus costs.
O'Sullivan, J.